

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KIMBERLY DAWN FONTENOT, §
 §
    Plaintiff, §
 §
VS. § NO. 4:18-CV-673-A
 §
WARDEN JODY R. UPTON, ET AL., §
 §
    Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Tarrant County Hospital District d/b/a JPS Health Network ("JPS") to dismiss. Plaintiff, Kimberly Dawn Fontenot, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On August 15, 2018, plaintiff filed her complaint in this action against a number of defendants. Doc.[1] 1. Plaintiff generally alleges that defendants breached their duty of care to plaintiff and were wilfully indifferent to her serious medical needs. Id. at 1. The "Statement of Claim" portion of the

---

[1]The "Doc. __" reference is to the number of the item on the docket in this action.

complaint is not much more specific. Id. at PageID[2] 8-9. Giving plaintiff the benefit of the doubt, she alleges that on or about November 20, 2014, she was taken to the emergency room, presumably operated by JPS, where she underwent surgery. Plaintiff discovered on July 19, 2018, that the surgeon, Inzune Hwang ("Hwang"), left a foreign body, possibly a straight pin, in the left aspect of plaintiff's bony pelvis. Id. at PageID 8, 11. Plaintiff seeks to recover damages for her injuries.

II.

Grounds of the Motion

JPS argues that plaintiff has failed to state a cognizable claim against it, either for violation of her constitutional rights or under state law. It further argues that, if plaintiff has alleged a state law claim, the court should decline to exercise jurisdiction over it inasmuch as she has not stated a federal constitutional claim against it.

III.

Applicable Pleading Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

---

[2]The "PageID__" reference is to the page number assigned by the court's electronic filing system and is used because the page numbers of the complaint are not sequentially numbered.

of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not

shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

IV.

## Analysis

Plaintiff has not pleaded any facts sufficient to state a claim against JPS. She has not shown that JPS was deliberately indifferent to her serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). In fact, JPS is not named at all in the complaint other than in the section for names of defendants. Assuming JPS is responsible for the emergency room to which plaintiff refers and for the conduct of Hwang, plaintiff still has not alleged any facts that would support a claim against JPS for any constitutional violation. Her dissatisfaction with her treatment or allegation that the treatment was negligent or the result of malpractice does not state a claim for deliberate indifference under the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1979).

Almost all of plaintiff's allegations address the alleged deliberate indifference by defendants collectively to her serious medical needs. It does not appear that plaintiff is asserting a state law tort claim against JPS, but the court need not decide that matter. Pursuant to 28 U.S.C. § 1367, the court may decline to exercise supplemental jurisdiction over state law claims when claims giving rise to federal jurisdiction have been dismissed.

Coghlan v. Wellcraft Marine Corp., 240 F.3d 449, 455 (5th Cir. 2001); Daniels v. Thaler, No. C-09-299, 2009 WL 5216880, at *6 (S.D. Tex. Dec. 30, 2009). Dismissal is especially appropriate here, where the court is dismissing the remainder of plaintiff's claims.³

V.

Order

The court ORDERS that JPS's motion to dismiss be, and is hereby, granted; that plaintiff's claims against JPS for deliberate indifference be, and are hereby, dismissed; and, that plaintiff's state law claims against JPS, to the extent she has asserted any, be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. § 1367(c)(3).

SIGNED April 18, 2019.

_____
JOHN McBRYDE
United States District Judge

---

³These claims are being dismissed by separate order signed this date due to the failure of plaintiff to provide proof of service of the summons and complaint on the other defendants to this action.